

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

January 16, 2024

By CM/ECF

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Amanat*, No. 21-2229, No. 21-2379 (argued January 12, 2024; panel: Calabresi and Pérez, Circuit Judges, and Nardacci, District Judge)

Dear Ms. Wolfe:

    Pursuant to Rule 28(j), we write on behalf of Appellants Omar and Irfan Amanat regarding a question raised at oral argument on January 12, 2024,

    With respect to the *Ciminelli* "right to control" issue, the erroneous jury instruction, and reversible error, Judge Pérez asked the government what establishes the jury would have convicted under a traditional property fraud theory if properly instructed. (24:04-11, 25:47-26:09). The government pointed to the testimony of Maiden Capital investor Jesse Ellington and contended the jury necessarily found defendants and Stephen Maiden sought to induce Maiden's investors to invest additional funds or to prevent redemptions of existing investments, in order to conceal the so-called "Enable hole." (24:11-27:46).

    As an initial matter, reversal for plain error is required if "there is a reasonable likelihood that the jury may have returned a guilty verdict based on a theory that it was erroneously told would justify a conviction," *United States v. Capers*, 20 F.4th 105, 128 (2d Cir. 2021), even if the evidence could have been sufficient to support conviction under a legally valid theory. (*See* O.A.Br.50-51; O.A.Reply.20-21). The government's non-redemption theory does not state a valid property fraud theory in any event. (O.A.Reply.18-20). The two cases it raised at argument are inapplicable because, unlike here, both involved property belonging or legally due to the putative victims. (*See* O.A.Reply.19-20)

    But the government's response to the Court's questions also ignored critical, undisputed evidence. Ellington invested in Maiden Capital in November 2010 and March 2011 and sought to redeem his full investment in August 2011. (SA392, 395-97). The evidence—which became a central point at Irfan Amanat's trial—demonstrated that there was no "Enable hole" at that time. To the contrary, Enable's bank accounts had a positive balance in December 2010 (O.A.A858) and over $12 million in deposits in 2011 (I.A.Tr.687-93), and Enable sent Maiden

Page 2
Catherine O'Hagan Wolfe
January 16, 2024

Capital hundreds of thousands of dollars that year (O.A.A1011). (*See* I.A.Br.15 44-45; I.A.Reply.19; O.A.Reply.14). As a result, even under the government's theory, the jury could not plausibly have found that either defendant intended to deceive Jesse Ellington or other Maiden investors in that period.

Respectfully submitted,

/s/ Alexandra A.E. Shapiro

Alexandra A.E. Shapiro
*Counsel for Appellant Omar Amanat*

Andrew Levchuk
*Counsel for Appellant Irfan Amanat*

cc: all counsel of record, via CM/ECF