

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2023

By CM/ECF
Catherin O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, N.Y. 10007

Re:    <u>United States</u> v. <u>Omar Amanat & Irfan Amanat</u>, Nos. 21-2229, 21-2379

Dear Ms. Wolfe:

     The Government respectfully writes in response to Omar Amanat and Irfan Amanat's Rule 28(j) letter.  The letter is not properly filed under Rule 28(j) because it does not identify any "significant authorities" that have recently come the parties' attention, but instead makes a factual argument that has been litigated since trial.

     In any event, the argument is contrary to the evidence.  The Defendants-Appellants claim—as Irfan Amanat argued on appeal—that there could have been no wire fraud on Maiden Capital investors in 2010 and 2011 because Enable had money.  But that is no defense at all.  The Amanats defrauded Maiden Capital investors by showing that Maiden Capital had an "available balance" at Enable that was earning a "guaranteed return." (SA1080-82, 1373).  That representation was false: Enable had lost Maiden Capital's initial investment and sent the rest of Maiden Capital's money to KITD.  (*See* Gov. OA Br. 3-5; Gov. IA Br. 3-5).  Enable having money did not make the statements true because that was not money for Maiden Capital, and no one treated it as such.  (*See* Gov. IA Br. 27-28).  That is why the Amanats never allowed Maiden Capital to get its money back (*see* SA938-39, 948-50, 1008-09, 1058, 1063-67); the parties repeatedly discussed a "settlement" to make Maiden Capital whole (*see* SA1080-81, 1132-33, 1143-49); and Omar Amanat gave Maiden "loans" to cover redemptions, rather than simply returning Maiden Capital's money (*see* SA1106-11, 1359-71).  None of that would have been necessary if Maiden Capital had an available balance at Enable that was earning a return.

     By sending this false information, the Amanats helped trick Maiden Capital investors, such as Jesse Ellington, into believing the fund was performing well, causing them to leave their money at Maiden Capital and invest more.  (*See* Gov. OA Br. 8; Gov. IA Br. 8).  That was wire fraud under the traditional "property" theory. *See United States v. Porcelli*, 404 F.3d 157, 162 (2d Cir.

2005) ("[T]he defendant does not need to literally 'obtain' money or property to violate the statute."); *United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) (same).


Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


by: ____/s/_____
    Thomas S. Burnett
    David Abramowicz
    Assistant United States Attorneys